IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| Jarmal Anthony Joyner,<br>Petitioner, | )<br>)<br>) | |
| v. | ) | 1:08cv626 (CMH/TCB) |
| | ) | |
| Director, Virginia Department<br>of Corrections,<br>Respondent. | )<br>)<br>)<br>) | |

F I L E D
AUG 11 2008
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

MEMORANDUM OPINION

Jarmal Anthony Joyner, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in the Circuit Court for the County of Nottoway, Virginia for breaking and entering and grand larceny. Petitioner originally filed this petition in the United States District Court for the Western District of Virginia. On March 21, 2008, respondent filed a Rule 5 Answer, Motion to Dismiss the petition, memorandum of law in support of that Motion and the Notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner subsequently filed a response to the Motion to Dismiss. After consideration of the record, the district court transferred this case to this District by order dated June 17, 2008. On June 27, 2008, this Court concluded that this matter was ripe for disposition and that no further briefing would be required. For the reasons that follow, the petition will be dismissed.

I. Background

On March 8, 2004, after a jury trial, petitioner was found guilty in the Circuit Court for the Count of Nottoway, Virginia of breaking and entering and grand larceny. Conviction Order dated March 30, 2004; see Sentencing Order. On September 7, 2004, petitioner was sentenced to ten years imprisonment and given a $2,500.00 fine. Sentencing Order dated Sept. 7, 2004. Petitioner filed

a direct appeal in the Court of Appeals of Virginia, raising three challenges to his convictions. He claimed: 1) that the evidence was insufficient to support his conviction for breaking and entering; 2) that the evidence was insufficient to support his conviction for grand larceny; and 3) that the trial court abused its discretion in denying petitioner's motion for a new trial. Pet. for Appeal dated Dec. 13, 2005. On March 16, 2006, the Court of Appeals of Virginia dismissed the petition for appeal. Resp. Ex. 2, Joyner v. Commonwealth, R. No. 2491-05-2, slip op. (Va. Ct. App. Mar. 16, 2006). Petitioner then sought review before a three-judge panel of the Court of Appeals of Virginia, which refused the petition for appeal on August 17, 2006. Resp. Ex. 3, Joyner v. Commonwealth, R. No. 2491-05-2 (Va. Ct. App. Aug. 17, 2006). Petitioner moved the Supreme Court of Virginia to allow his court-appointed counsel to withdraw from representation, and by Order dated September 7, 2006, the Supreme Court of Virginia granted petitioner's motion, allowed petitioner's court-appointed appellate counsel to withdraw and permitted petitioner to proceed pro se in filing his appeal. Joyner v. Commonwealth, No. 2491-05-2, slip order (Va. Sept. 7, 2006). On December 6, 2006, the Supreme Court of Virginia dismissed petitioner's appeal pursuant to Va. Sup. Ct. R. 5:14(a) for failure to file a notice of appeal. Resp. Ex. 5, Joyner v. Commonwealth, R. No. 061882, (Va. Dec. 6, 2002).

On or about April 4, 2007, petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. Pet. dated Apr. 4, 2007. That petition raised the following claims:

1) Counsel rendered ineffective assistance because counsel:

    a) failed to litigate a violation of petitioner's speedy trial rights;
    b) failed to conduct an adequate pre-trial investigation;
    c) failed to appeal or object to "the state [sic] discriminatory or arbitrary administration of bail";
    d) failed to secure a witness who had been subpoenaed;

    e) failed to investigate and conduct "biological testing" of certain pieces of evidence;
    f) failed to investigate and safeguard the "exculpatory nature of the accuracy in a surveilance [sic] video";
    g) failed to investigate and safeguard the "exculpatory nature of the accuracy in official crime scene photo's [sic]";
    h) failed to protect petitioner's rights when the prosecution engaged in unethical conduct warranting dismissal of the indictment;
    I) failed to protect petitioner's right to a fair and impartial jury by "ferret[ing] out" jurors biased against the defense;
    j) waived petitioner's right to testify at trial on his own behalf;
    k) failed to adequately investigate or prepare his own petition for appeal;
    l) failed to "raise 'improper argument claim' in direct appeal that was 'objected' to and preserve [sic] at trial;[1]
    m) failed to raise on a appeal a Brady claim or a claim of ineffective assistance of counsel;
    n) failed to adhere to "proper form, procedures or time limits in the perfection of [petitioner's] appeal";

2) The trial court abused its discretion and therefore erred in denying petitioner's motion for a new trial;

3) The trial court erred in overruling petitioner's objection to the improper statements made by the Commonwealth during its closing argument;

4) The jury improperly convicted petitioner of breaking and entering and grand larceny based upon insufficient evidence;

5) The Commonwealth's Attorney engaged in prosecutorial misconduct because the prosecutor made "irrelevant and unduly prejudice [sic] statements at trial and during closing argument;

6) The prosecution suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);

7) In violation of petitioner's due process rights, the prosecution knowingly allowed the use of false testimony;

8) Counsel rendered ineffective assistance because counsel failed to object to the Commonwealth's withholding of evidence in violation of Brady and failed to object when the prosecutor mis-characterized the evidence;

---

[1] It is not entirely clear what challenge petitioner was raising in state habeas claim 1(*l*).

3

> 9) Petitioner was denied his right to conduct testing on previously untested scientific evidence, as the trial court failed to hold a hearing on petitioner's right to have access to the DNA and surveillance videotape upon petitioner's motion, pursuant to Virginia Code § 19.2-327.1.

Id. On November 27, 2007, the Supreme Court of Virginia dismissed petitioner's state habeas petition. Joyner v. Director of the Dep't of Corrections, R. No. 070847, slip op. (Va. Nov. 27, 2007). Petitioner filed the instant petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia on or about February 25, 2008. Petitioner raises the following claims:

> 1) The trial court abused its discretion and therefore erred in denying petitioner's motion for a new trial;
>
> 2) The trial court erred in overruling petitioner's objection to the Commonwealth's improper statements at closing;
>
> 3) The evidence was insufficient to support petitioner's convictions for breaking and entering and grand larceny;
>
> 4) Counsel rendered ineffective assistance because counsel:
>     a) failed to litigate a violation of petitioner's speedy trial rights;
>     b) failed to conduct an adequate pre-trial investigation;
>     c) failed to sure a witness who had been subpoenaed;
>     d) failed to conduct biological testing;
>     e) failed to investigate and safeguard the "exculpatory nature of the accuracy in a surveilance [sic] video";
>     f) failed to investigate and safeguard the "exculpatory nature of the accuracy in official crime scene photo's [sic]";
>     g) failed to protect petitioner's rights when the prosecution engaged in unethical conduct warranting dismissal of the indictment;
>     h) failed to protect petitioner's right to a fair and impartial jury by "ferret[ing] out" jurors biased against the defense;
>     I) waived petitioner's right to testify at trial on his own behalf;
>     j) failed to adequately investigate or prepare his own petition for appeal;
>     k) failed to raise the "improper argument claim" on direct appeal;
>     l) failed to raise a Brady claim or a claim of ineffective assistance of counsel on direct appeal;
>     m) failed to adhere to the "proper form, procedures or time limits" in the perfection

of petitioner's appeal;

5) The Commonwealth's Attorney engaged in prosecutorial misconduct because the prosecutor made "irrelevant and unduly prejudice [sic] statements at trial and during closing argument;

6) The prosecution suppressed exculpatory evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963);

7) In violation of petitioner's due process rights, the prosecution knowingly allowed the use of false testimony;

8) Counsel rendered ineffective assistance because counsel failed to object to the Commonwealth's withholding of evidence in violation of Brady and failed to object when the prosecutor mis-characterized the evidence; and

9) The trial court failed to hold hearing on petitioner's right of access to DNA and surveillance videotape evidence upon petitioner's motion, pursuant to Virginia Code § 19.2-327.1.

Respondent has filed a Motion to Dismiss the petition and petitioner has filed his response in opposition. This matter is ripe for disposition.

## II. Exhaustion and Procedural Default

In reviewing a petition brought pursuant to 28 U.S.C. § 2254, a federal court must determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515-19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

Thus, petitioner must present the same factual and legal claims raised in the instant federal petition to the Supreme Court of Virginia either by way of (1) direct appeal, (2) a state petition for a writ of habeas corpus, or (3) an appeal from a circuit court's denial of a state habeas petition.

This does not end the exhaustion analysis, however, because "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, however, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

Petitioner did not exhaust properly exhaust claims 3, 7 and 9 before the Supreme Court of Virginia, because he did not fairly present these claims to that court. Under Virginia law, claims 3, 7 and 9 were only cognizable on direct appeal. See Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974), cert. denied, 419 U.S. 1108 (1975) (holding as procedurally defaulted claims that were not but could have been raised on direct appeal). As such, to have fairly presented these claims to the Supreme Court of Virginia, petitioner would have had to raise them in a properly-filed direct appeal to that court. Thus, even though petitioner presented claims 3, 7 and 9 to the Supreme Court of Virginia in his state habeas petition, that petition was not the proper means for presenting these claims to that court. The Supreme Court of Virginia, therefore, did not have a fair opportunity to address these claims and petitioner's state habeas petition raising them does not constitute fair presentation or proper exhaustion. See Picard, 404 U.S. at 275-76. Petitioner's direct appeal, which would have allowed the Supreme Court of Virginia a fair opportunity to consider the merits of claims

7 and 9 was dismissed pursuant to Va. Sup. Ct. R. 5:14(a) for failure to file a proper notice of appeal. As such, petitioner's appeal to the Supreme Court of Virginia was not properly filed. Accord Rodgers v. Angelone, 113 F.Supp.2d 922 (E.D.Va. 2000) (recognizing that a properly filed appeal to the Supreme Court of Virginia consists of both a properly filed notice and petition for appeal). Therefore, petitioner has not properly exhausted claims 3, 7 and 9. Moreover, as petitioner is precluded by Slayton from presenting these claims in state court, they are appropriately treated as simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Additionally, a state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state law ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991).

In this case, the Supreme Court of Virginia dismissed claims 1, 2, 5, and 6 pursuant to the rule articulated in Slayton. Joyner, R. No. 070847, slip op. at 10-12. The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Accordingly, claims 1, 2, 5 and 6 are procedurally defaulted as well.

Where, as here, the requirements of procedural default have been met, a federal court may not review barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns

upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with a state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d 1238, 1241-42 (4th Cir. 1988). Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 f.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Petitioner has failed to establish that he is actually innocent of the crimes for which he was convicted. See Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999). Additionally, he has failed to establish cause sufficient to excuse his procedural default of claims 1, 2, 3, 5, 6, 7 and 9. As discussed infra, petitioner's claims of ineffective assistance of counsel fail. Meritless claims of ineffective assistance of counsel excuse a procedural default. See Clozza, 913 F.2d at 1014 (finding that a meritless ineffective assistance of counsel claim cannot excuse a procedural default). Therefore, claims 1, 2, 3, 5, 6, 7 and 9 will be dismissed. Claims 4 and 8 remain and will be addressed on the merits.

### III. Standards of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite

to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)); see, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

### IV. Merits

To succeed on a claim of ineffective assistance of counsel, petitioner must demonstrate that (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance," Strickland v. Washington, 466 U.S. 668, 690 (1984), and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. "The petitioner must show both deficient performance and prejudice; the two are separate and distinct elements of an ineffective assistance claim." Spencer v. Murray, 18 F.3d 229, 232-33 (4th Cir. 1994).

With respect to the first prong of the Strickland test, "[j]udicial scrutiny of counsel's performance must be highly deferential," Strickland, 466 U.S. at 689, and the court must "presume that challenged acts are likely the result of sound trial strategy." Spencer, 18 F.3d at 233. With

respect to the second prong of the Strickland test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694. In order to undermine confidence in the trial outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. Washington v. Murray, 4 F.3d 1285, 1290 (4th Cir. 1993). Moreover, a court need not review the reasonableness of counsel's performance if petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998).

Relying on Strickland v. Washington, the Supreme Court of Virginia dismissed petitioner's claims of ineffective assistance of counsel, holding that petitioner failed to satisfy either the performance or prejudice prong of the two-pronged test for ineffective assistance of counsel. Joyner, R. No. 070847, slip op. at 1-10, 12. Those failures continue in the instant federal petition. Because petitioner has failed to show that the Supreme Court of Virginia's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts, remaining claims 4(a)-4(m) and claim 8 will also be dismissed.

In claim 4(a), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to litigate a violation of petitioner's speedy trial rights. On state habeas, the Supreme Court of Virginia held that this claim satisfied neither the performance nor the prejudice prong of the Strickland two-part test, as the record indicated that the delay between petitioner's indictment on July 2, 2003 and trial on March 8, 2004 resulted from trial court's granting of a joint motion for continuance that allowed petitioner to obtain new counsel. Id. at 2. Because the delay was attributable to the defense, the Supreme Court of Virginia held that no speedy trial violation occurred. Id.

The Speedy Trial Clause of the Sixth Amendment provides that in all criminal prosecutions, the "accused shall enjoy the right to a speedy and public trial ...." U.S. Const. amend VI. The Supreme Court has identified four facts that should be balanced in determining whether he has been denied his right under the Sixth Amendment to a speedy trial. Barker v. Wingo, 407 U.S. 514, 530 (1972). "These factors are (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted ...." United States v. Grimmond, 137 F.3d 823, 827 (4th Cir. 1998) (citing Barker, 407 U.S. at 530). Because the first Barker factor acts as a "threshold requirement," id. (citing Doggett v. United States, 505 U.S. 647, 651-52 (1992)), in the absence of a delay that is presumptively prejudicial, there is no need for further inquiry into the other factors that go into balance. Barker, 407 U.S. at 530. Although the Court is not bound by their decisions, Virginia courts have held that "[a] process which results in a trial on the merits within the statutorily described time does not support a presumption of prejudice." Bonds v. Beale, 145 F.Supp.2d 708, 714-15 (E.D.Va. 2001) (quoting Sheard v. Commonwealth, 403 S.E.2d 178, 180 (Va. Ct. App. 1991)). In the instant case, the statutorily described time appears in Va. Code § 19.2-243, which requires trial to commence within five months from the date on which probable cause was found. Excluded from this time, however, is time during which a continuance is granted "on the motion of the accused or his counsel, or by concurrence of the accused or his counsel in such a motion by the attorney for the Commonwealth." Va. Code § 19.2-243(4). Petitioner fails to show that the eight month delay that elapsed between his July, 2003 indictment and his March, 2004 trial, a delay which included a continuance requested by both the Commonwealth's attorney and defense counsel, was presumptively prejudicial. Moreover, notwithstanding petitioner's inability to make this threshold showing, he has also failed to satisfy

11

Barker's fourth factor by showing that he was prejudiced in any capacity by his delay in coming to trial. Because petitioner's speedy trial assertion is without merit, counsel was not ineffective for failing to failing to raise a claim that petitioner's speedy trial rights had been violated. Therefore, the Supreme Court of Virginia's rejection of claim 4(a) was not contrary to, or an unreasonable application of, clearly established federal law. As such, claim 4(a) will be dismissed.

In claim 4(b), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to conduct an adequate pre-trial investigation and instead accepted the Commonwealth's version of events. Specifically, petitioner contends that had counsel conducted a more thorough pre-trial investigation, counsel would have uncovered proof of petitioner's innocence. In claim 4(c), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to secure the presence of a witness who had been subpoenaed.[2] On state habeas, the Supreme Court of Virginia held that these claims satisfied neither prong of the two-prong Strickland test for ineffective assistance of counsel. Specifically, that court held that the record demonstrated that petitioner represented to the trial court that he had discussed his case with counsel several times and that the necessary witnesses had been subpoenaed and were present, except for a Willie Williams and a Michelle Lewis. Joyner, No. 070847, slip op. at 3. As to these non-present witnesses, the Supreme Court of Virginia noted that counsel explained at trial that although Johnson was a critical witness, petitioner had desired to proceed to trial without Johnson's testimony. Id. at 3-4. As to witness Lewis, counsel explained that she had likely moved back to New York and was therefore unavailable. Id. at 3. As petitioner failed to articulate what evidence counsel could

---

[2] In the memorandum of law in support of his petition, petitioner refers the Court to an Exhibit 16. There is no exhibit 16 attached to the instant petition, although an exhibit 17 references a subpoena for witness Willie Williams.

have obtained had he interviewed these witnesses or had he conducted a pre-trial investigation more to petitioner's liking, the Supreme Court of Virginia held that counsel was not ineffective.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary. Strickland, 466 U.S. at 690-91. A habeas petitioner's allegation that his attorney conducted an inadequate investigation does not warrant relief absent a proffer of what evidence would have been revealed through an adequate investigation. Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). In the instant federal petition, as in his state habeas petition, petitioner fails to articulate what evidence would have been adduced if counsel had conducted further investigation. Moreover, petitioner has failed to indicate what testimony the subpoenaed witness would have provided had he testified. Furthermore, as the state habeas court found, it was petitioner who desired to proceed without the testimony of subpoenaed witness Willie Williams. As such, even if counsel erred in failing to secure this witness, that error does not create a reasonable probability that the outcome of the trial would have been different. Strickland, 466 U.S. at 694. As petitioner has failed to establish that the Supreme Court of Virginia's rejection of claims 4(b) and 4(c) was contrary to or based on an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts, claims 4(b) and 4(c) will be dismissed..

In claim 4(d), petitioner asserts that he was denied the effective assistance of counsel because counsel did not investigate and conduct "biological testing" on a white bedroom sheet, a purple flashlight, a black flashlight and an A.T.M. machine to determine genetic profiles. The Supreme Court of Virginia concluded on state habeas that petitioner failed to satisfy either prong of the Strickland two-part test for ineffective assistance as petitioner failed to articulate what additional testing would have revealed or how that information would have exonerated him. Joyner, No.

070847, slip op. at 4-5. That failure continues in the instant federal petition. There is no suggestion, for example, that additional testing would have revealed doubt as to whether it was petitioner's DNA present on the purple flashlight, evidence the Supreme Court of Virginia concluded placed petitioner at the scene of the crime. Moreover, even if counsel did err in failing to conduct further testing, petitioner has not established that such error created a reasonable probability that the outcome would have been different. Strickland, 466 U.S. at 694. As petitioner has not shown that the Supreme Court of Virginia's rejection of claim 4(d) was based on an unreasonable determination of the facts or was contrary to federal law, this claim will be dismissed.

In claim 4(e), petitioner asserts that he was denied the effective assistance of counsel because, in his words, counsel failed to investigate and safeguard the "exculpatory nature of the accuracy in a surveilance [sic] video." Specifically, as to claim 4(e), petitioner contends that counsel did not adequately review the surveillance videotape and was ineffective for failing to let the prosecution's analysis of the tape go unchallenged at trial. Similarly, in claim 4(f), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to investigate and safeguard, again, in petitioner's words, the "exculpatory nature of the crime scene photo's [sic]." Specifically, as to claim 4(f), petitioner asserts that counsel failed to highlight a discrepancy in the crime scene photographs. On state habeas, the Supreme Court of Virginia determined that both of the claims failed to satisfy Strickland's two-part test for ineffective assistance of counsel. As to claim 4(e), the Supreme Court of Virginia concluded that petitioner failed to identify the alleged "exculpatory" evidence present on the videotape. As to claim 4(f), the Supreme Court of Virginia concluded that the trial record demonstrated that the crime scene photographs depicted the scene of the crime as it appeared to investigators and that petitioner failed to articulate how additional effort by counsel

14

would have impacted the outcome of the proceeding. Those failures continue in the instant petition.

As to claim 4(e), petitioner fails to articulate what "exculpatory" evidence was present on the video tape. As such, petitioner cannot demonstrate that counsel was ineffective for failing to "investigate or safeguard" this evidence or alert the jury to its presence. To the extent that petitioner may be claiming that the video, when shown in "slow down mode," contained exculpating evidence because the slower video playback made the race of the suspect captured on the video impossible to determine, he has failed to show deficient performance on counsel's part or resulting prejudice, as the record makes clear that the video was shown in "slow down mode" to the jury and the trial court. As to claim 4(f), petitioner fails to show how highlighting a discrepancy with the photographs would have assisted his defense or that any such assistance created a reasonable probability that the outcome of the trial would have been different. Therefore, the Supreme Court of Virginia did not unreasonably reject claims 4(e) and 4(f) and these claims will be dismissed.

In claim 4(g), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to protect petitioner's rights when the prosecution engaged in unethical conduct warranting the dismissal of the indictment. Specifically, petitioner claims that Investigator Scruggs was aware that a certain Chris Braggs was an informant and that Braggs supplied the purple flashlight to Scruggs, whom petitioner appears to claim "staged" a photograph showing the flashlight at the crime scene. On state habeas, the Supreme Court of Virginia held that petitioner failed to provide any evidence suggesting that the picture of purple flashlight was "staged." Joyner, R. No. No. 070847, slip op. at 7. Petitioner also has failed to do so in the instant federal proceedings. As petitioner has not established that the photograph was staged, counsel simply could not be ineffective for failing to raise this issue at trial. Accordingly, petitioner has failed to show that counsel's

15

performance was deficient or that petitioner suffered prejudice as a result and the Supreme Court of Virginia's conclusion to the effect was not based on an unreasonable determination of the facts or contrary to federal law. Claim 4(g) will be dismissed.

In claim 4(h), petitioner contends that trial counsel was ineffective for failing to "identify and ferret out" jurors who were biased against the defense. On state habeas, the Supreme Court of Virginia held that petitioner failed to satisfy the <u>Strickland</u> two-part test for ineffective assistance as to claim 4(h) because petitioner failed to identify the jurors with potential bias or demonstrate how those jurors exhibited such bias or indicated that they would not be fair and impartial at trial. <u>Id.</u> at 7-8. Petitioner, who did not brief claim 4(h), also fails to identify the biased jurors or show how these jurors exhibited their bias against the defense. Petitioner has failed to show that counsel's performance was deficient or that prejudice resulted therefrom. Accordingly, the Supreme Court's rejection of claim 4(h) was not unreasonable.

In claim 4(i), petitioner contends that he was denied the effective assistance of counsel because counsel waived petitioner's right to testify at trial. On state habeas the Supreme Court of Virginia held that petitioner failed to satisfy the <u>Strickland</u> two-part test for ineffective assistance with respect to this claim. <u>Id.</u> at 8. Specifically, the court held that the record made clear that petitioner never expressed a desire to testify at trial and that trial counsel informed petitioner of his right to testify, advised him of the dangers of so doing and that petitioner elected not to testify. <u>Id.</u> Petitioner has not briefed claim 4(i), nor has he established that he did not knowingly and voluntarily waive his right to testify at trial. Accordingly, counsel cannot be held to have rendered deficient performance. Moreover, as petitioner has not established what his testimony would have been had he testified at trial, he is unable to show resulting prejudice. Accordingly, the Supreme Court of

Virginia's dismissal of claim 4(i) was neither contrary to, nor based on an unreasonable application of, clearly established federal law nor was it based on an unreasonable determination of the facts. As such, claim 4(i) will be dismissed.

In claim 8, petitioner contends that he was denied the effective assistance of counsel because counsel failed to object to the Commonwealth's withholding of evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and failed to object when the Commonwealth's attorney mischaracterized such evidence. It appears, although it is not entirely clear, that petitioner contends that Bragg's status as an informant was withheld in violation of Brady and that counsel was ineffective in allowing Scrugg to misrepresent Bragg's status in his testimony. On state habeas, the Supreme Court of Virginia held that petitioner failed to satisfy the Strickland two-part test as to claim 8. Those failures continue in the instant petition. Petitioner concedes and the record makes clear that trial counsel had knowledge of Bragg's status prior to trial. As such, any claim by petitioner that the prosecution withheld such evidence in violation of Brady is meritless. Moreover, given that petitioner has failed to show the existence of a Brady violation, counsel cannot be held to have rendered deficient performance in failing to object on Brady grounds. Finally, even if counsel was in error for failing to so object, this error does not establish a reasonable probability that the outcome of the proceeding would have been different. The Supreme Court of Virginia's rejection of claim 8 was neither contrary to, nor based on an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. Therefore, claim 8 will be dismissed.

Claims 4(j), 4(k), 4(l) and 4(m) challenge the conduct of petitioner's appellate counsel. In claim 4(j), petitioner asserts that he was denied the effective assistance of counsel because counsel

17

failed to adequately investigate or prepare his own petition for appeal. In claim 4(k), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to raise an "improper argument claim" on direct appeal, even though this claim was meritorious and had been preserved. In claim 4(l), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to raise a Brady or ineffective assistance of counsel claim on direct appeal. Finally, in claim 4(m), petitioner asserts that he was denied the effective assistance of counsel because counsel failed to adhere to the "proper form, procedures or time limits" in the perfection of petitioner's appeal. On state habeas, the Supreme Court of Virginia held that petitioner did not satisfy Strickland's two-prong test for ineffectiveness as to claims 4(j) through 4(m). Joyner, R. No.070847, slip op. at 8-10.

A criminal defendant's right to the effective assistance of counsel continues through the direct appeal, see Evitts v. Lucey, 469 U.S. 387 (1985), and may be shown if petitioner can demonstrate that counsel omitted from his appeal serious and strong issues while pursuing significantly weaker issues, see Mayo v. Henderson, 13 F.3d 528 (2d Cir. 1994). However, counsel does not necessarily render ineffective assistance by failing to present every non-frivolous issue on appeal. Jones v. Barnes, 463 U.S. 745 (1983). Moreover, counsel, of course, does not render deficient performance by failing to raise meritless issues on appeal.

Petitioner fails to demonstrate deficient performance or resulting prejudice as to claim 4(j) because there is no indication from petitioner as to what issues an adequately investigated and prepared petition for appeal would raise or how, if counsel had investigated and raised these issues on appeal, the result of the proceeding would have been different. Claim 4(k) and 4(l) likewise fail because petitioner fails to show that these would have had merit on appeal. Counsel cannot be held

to have rendered ineffective assistance for failing to raise meritless arguments on appeal. Finally, claim 4(m) is equally without merit. The record makes clear that counsel perfected petitioner's appeal to the Court of Appeals of Virginia and that petitioner requested that the Supreme Court of Virginia dismiss his court-appointed counsel and allow petitioner to proceed pro se in his appeal to that court. It was petitioner who failed to file a proper notice of appeal in the Court of Appeals, and the Supreme Court accordingly dismissed petitioner's appeal to that court for failure to comply with Va. Sup. Ct. R. 5:14(a). Petitioner fails to show how counsel's performance was deficient or how any prejudice resulted. Because the Supreme Court of Virginia's dismissal of claims 4(j), 4(k), 4(l) and 4(m) was not contrary to nor based on an unreasonable application of clearly established federal law or an unreasonable determination of the facts, claims 4(j), 4(k), 4(l) and 4(m) must be dismissed.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss the instant petition for a writ of habeas corpus will be granted, and the instant petition will be dismissed with prejudice. An appropriate Order shall issue.

Entered this 11th day of August 2008.

Alexandria, Virginia

/s/
Claude M. Hilton
United States District Judge